UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HENRY,<br><br>    Plaintiff,<br><br>        v.<br><br>HOME DEPOT U.S.A., INC,<br><br>    Defendant. | Case No. 14-cv-04858-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**<br><br>Re: ECF No. 76 |

Before the Court is Defendant Home Depot U.S.A., Inc.'s ("Home Depot") motion to transfer the case to the Eastern District of California to be consolidated with Bell v. Home U.S.A., Inc., No. 2:12-cv-02499-JAM-CKD ("Bell"). ECF No. 76. For the reasons set forth below, the Court will grant Home Depot's motion to transfer venue.

I.  **BACKGROUND**

This case involves two overlapping class actions against Home Depot. On July 18, 2012, Sandy Bell and Martin Gama filed a class action against Home Depot in the Superior Court of the State California, County of Sacramento. ECF No. 76-3.[1] In part, they alleged that Home Depot violated California law by forcing employees who worked overnight shifts longer than eight hours to clock out at midnight and clock back in, thus splitting a single shift into two shorter shifts and depriving them of overtime pay. Id. ¶¶ 53-54 (alleging that "either Defendants' timekeeping system automatically clocked Plaintiff's and class members out at midnight when working an overnight shift (and then back in after midnight), or Defendants required Plaintiffs and class members to clock themselves out at midnight (and then back in after midnight)"). The action was

---

[1] The Court takes judicial notice of the complaint in Bell v. Home Depot USA, Inc. because it is a matter of public record and its accuracy cannot reasonably be challenged. Fed. R. Evid. 201.

1  subsequently removed to the Eastern District of California on October 4, 2012. ECF No. 76-2 at
2  2; Bell v. Home Depot, U.S.A., Inc., No. 2:12-cv-02499-JAM-CKD ("Bell").
3        Plaintiff Michael Henry ("Henry") filed a similar class action lawsuit against Home Depot
4  in the Superior Court of California, County of Alameda, roughly two years later on September 18,
5  2014. See ECF No. 1-2. Henry was an employee of Home Depot and served as a department
6  supervisor from 2004 to 2013. Id. ¶ 5. Henry similarly alleges that Home Depot violated
7  California labor laws by failing to pay him and similarly situated class members overtime wages
8  for shifts of more than eight continuous hours that crossed over midnight. Id. at 12-13, 59. On
9  October 31, 2014, Home Depot removed the action to this Court pursuant to the Class Action
10 Fairness Act ("CAFA"). ECF No. 1.
11       On December 2, 2015, more than a year after Henry's case was filed, Home Depot filed a
12 Notice of Pendency of Other Action with this Court pursuant to Local Rule 3-13. ECF No. 37.
13 Under that Rule, a party must "promptly" notify the Court whenever it knows or learns that an
14 action "involves all or a material part of the same subject matter and all or substantially all of the
15 same parties as another action which is pending in any other federal or state court." Civ. L.R. 3-
16 13(a). In its initial notice, Home Depot acknowledged the similar overnight overtime claims in the
17 two cases, but nonetheless argued that consolidation was not appropriate because there were
18 "significant differences between the two actions." ECF No. 37 at 2-3. Specifically, Home Depot
19 pointed to the fact that "the proposed overnight subclass in *Bell* is limited to hourly supervisors in
20 California stores, while the proposed overnight class in *Henry* includes all hourly store
21 employees," "[t]he class period in *Bell* begins 13 months prior to the class period in *Henry*," "there
22 are several key differences between these claims as asserted in the two actions," and the "plaintiffs
23 in *Bell* allege several claims that are not alleged in *Henry*." Id.
24       Overlapping classes have since been certified in both actions. On May 3, 2016, this Court
25 certified the following class: "all persons employed by Home Depot in hourly or non-exempt
26 positions in California from September 18, 2010 through the date of class certification, who
27 worked a shift past midnight in which the total aggregate number of hours for that shift exceeded
28 eight hours." ECF No. 65. On June 1, 2016, the Bell court certified a class of "[a]ll persons who

1  worked for Defendant Home Depot U.S.A., Inc. in California as a non-exempt, hourly paid
2  supervisor at any time from August 14, 2009 until the date of this order who worked at least one
3  overnight shift that crossed midnight of more than eight hours, and who, as a result, was not paid
4  overtime for the hours worked over eight hours during such overnight shift." ECF No. 76-4 at 3.

5  On June 22, 2016, Home Depot filed an Amended Notice of Pendency of Other Action
6  under Local Rule 3-13. ECF No. 73. In the amended notice, Home Depot informed the Court that
7  "recent rulings in *Bell*" had created "substantial overlap in these cases and the very significant risk
8  of conflicting rulings." Id. Home Depot further notified the Court that it would be filing a motion
9  to transfer venue of this action to the Eastern District of California so that it could be consolidated
10 with Bell. Id.

11 Motions to change venue have now been filed in both cases. On June 8, 2016, the Bell
12 plaintiffs filed a motion to transfer venue to this Court based on convenience grounds. Bell v.
13 Home Depot, U.S.A., Inc., No. 2:12-cv-02499-JAM-CKD, ECF No. 114. The Bell court denied
14 that motion on August 23, 2016. Id., ECF No. 128. On June 30, 2016, Home Depot filed its
15 motion to transfer venue to the Eastern District of California to consolidate this action with Bell
16 pursuant to the "first-to-file" rule. ECF No. 76. Henry opposes the motion for transfer of venue.
17 ECF No. 79.

18 **II.   LEGAL STANDARD**

19 "For the convenience of parties and witnesses, in the interest of justice, a district court may
20 transfer any civil action to any other district or division where it might have been brought or to
21 any other district or division where it might have been brought or to any district or division to
22 which all parties have consented." 28 U.S.C. § 1404(a). The purpose of section 1404(a) "is to
23 prevent the waste of time, energy and money and to protect litigants, witnesses, and the public
24 against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616
25 (1964) (internal quotation marks omitted). The district court has the broad discretion "to
26 adjudicate motions for transfer according to an 'individualized, case-by-case consideration of
27 convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting
28 Van Dusen, 376 U.S. at 622).

1   The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 623 (9th Cir. 1991). A district court examines three factors in deciding whether to apply the rule: the chronology of the two actions, the identity of the parties involved, and the similarity of the issues at stake. Id. at 625. In a class action, the court compares the classes, and not the class representatives. Ross v. U.S. Bank Nat. Ass'n, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (citing Cal. Jur.3d Actions § 284). "The 'first to file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly." Church of Scientology of California v. United States Department of the Army, 611 F.2d 738, 749 (9th Cir. 1979). However, the rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." Alltrade, 946 F.2d at 628 (internal quotations omitted). Further, "[a]n ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183-184 (1952).

### III.   ANALYSIS

Defendant Home Depot argues that transfer of venue based on the first-to-file rule is appropriate in this instance because the Bell action was filed first, the parties in both cases are substantially similar, and the class issues in the two cases are identical. ECF No. 76 at 5-8. Henry does not contest that the elements of chronology, similarity of the parties, and identical class issues are present in this case. ECF No. 79. Thus, the only issue before the Court is whether any of the exceptions to the first-to-file rule apply in this instance.

As a preliminary matter, Henry argues that the rationale for the first-to-file rule does not apply here. ECF No. 79 at 8-9. Henry argues that the purpose of the first-to-file rule is twofold: "to protect the forum choice made by the *plaintiff* in the first filed action" and to "further[] efficiency by avoiding duplication of effort and inconsistent rulings." Id. Henry argues that

4

neither purpose will be furthered here because (1) the plaintiff in the Bell action wants to litigate in this Court, and (2) Home Depot's delay in notifying this Court of the Bell action has already caused duplicative litigation and a risk of inconsistent rulings. Id. The Court does not find either of these arguments persuasive. It is true that the first-to-file rule is "typically invoked to protect the plaintiff's choice of forum in cases where the defendant has subsequently filed an identical or related suit in a different forum." Wiley v.Trendwest Resorts, Inc., 2005 WL 1910934 *5 (N.D. Cal. 2005) (emphasis in original). It is also true that the defendant's choice of forum is not a consideration in the analysis. Id. at *3 (listing factors). However, while protecting plaintiff's choice of forum is a consideration, the overriding purpose of the first-to-file rule is to promote efficiency. See Alltrade, 946 F.2d at 625. This goal would be frustrated were the Court to deny application of the rule based solely on Home Depot's prior delay, while ignoring the future efficiency consequences of placing the cases in the same forum.

Henry correctly points out that Home Depot's procedural conduct raises an inference of forum shopping that argues against granting Defendant's motion to transfer venue. ECF No. 79 at 8-14. In Cadenasso v. Metropolitan Life Insurance Company, this Court found an inference of forum shopping where the plaintiff had engaged in strategic procedural maneuvering, seemingly to avoid appearing before Judge Middlebrooks in the Southern District of Florida. No. 13-cv-05491-JST, 2014 WL 1510853 *5-7 (N.D. Cal. 2014). And in United States v. Syufy, another court in this District found that a defendant's changed position with regard to the similarity of two separate claims against defendants provided significant evidence of forum shopping. No. C-86-3057 WHO, 1986 WL 13358 *3 (N.D. Cal. October, 1986). As the court explained in Syufy:

> In the Central District, defendants opposed a motion to consolidate the *Roberts* and *Orion* cases . . . the defendants pointed to the dissimilar transactions, legal theories, and defenses . . . For defendants now to assert a similarity between the cases leads to an inference of forum shopping. This is not the purpose of the rule. Transfer of venue is not a 'forum shopping instrument.'

Id. (quoting Van Dusen v. Barrack, 376 U.S. 612, 636 (1964)). As in the above cases, Home Depot's strategic maneuvering raises the inference of forum shopping. Henry's Complaint, filed September 19, 2014, contained overlapping allegations with the Bell case that Home Depot

5

1  recognized or should have recognized at the time it was filed.  For instance, the plaintiffs in both
2  <u>Henry</u> and <u>Bell</u> alleged that Home Depot's overnight clock-out policy violated California's
3  overtime requirements and sought to certify a class of Home Depot employees who worked
4  continuous eight hour shifts past midnight.  Although the <u>Henry</u> complaint contained "a *material*
5  *part* of the same subject matter and all or *substantially all of the same parties*" as the <u>Bell</u>
6  complaint, L.R. 3-13(a) (emphasis added), Home Depot did not file its Notice of Pendency of
7  Other Action until December 2, 2015.  ECF No. 37.  And, despite the overlapping claims present
8  in both complaints, Home Depot's initial Notice of Pendency of Other Action stated that "Home
9  Depot does not believe that consolidation or reassignment of the actions to the same judge would
10 effect [sic] a significant savings of judicial resources."  <u>Id</u>. at 3.  Now, Home Depot asserts the
11 opposite, claiming that "as a result of recent motion practice, the sole remaining class claim in
12 both actions is that Home Depot violated state law by failing to pay overtime on shifts of more
13 than eight hours that crossed midnight . . . the parties in <u>Henry</u> and <u>Bell</u> are substantially similar in
14 that the defendant is the same and the <u>Bell</u> class is largely a subset of the <u>Henry</u> class . . . the class
15 questions are identical."  ECF No. 76 at 3.

16  Home Depot tries to excuse the delay in filing its Notice and the change in its position
17 based on the theory that, initially, "<u>Bell</u> and <u>Henry</u> each presented several claims and theories of
18 liability that were not presented in the other."  ECF No. 82 at 3.  Local Rule 3-13(a), however,
19 does not only apply when the allegations and parties are exactly the same; it also applies when the
20 newly filed complaint contains merely a "material part of the same subject matter" and
21 "substantially all of the same parties."  Moreover, the motion practice highlighted by Home Depot
22 does not change the fact that the original complaints in both cases alleged the central issue which
23 has come to dominate both cases: "whether Home Depot's definition of the workday is designed
24 to evade state law overtime requirements."  ECF No. 76 at 5.  To argue otherwise would contradict
25 Home Depot's current contention that there need only be "substantial similarity" of the parties and
26 "sufficient similarity" of the issues for consolidation of the two cases to be appropriate.  <u>Id</u>. at 6-7.
27 In sum, Home Depot's delay in filing its Notice of Pendency of Other Action and the change in its
28 position with regard to the similarity of the class and issues involved in the two cases gives rise to

an inference of forum shopping.

In response to Henry's allegations of forum shopping, Home Depot argues that it could not have been forum shopping because it filed its initial Notice of Pendency of Other Action before rulings on class treatment or summary judgment in either action. ECF No. 82 at 5. The fact remains, however, that Home Depot waited until after a ruling on class certification to bring its transfer motion. As in Syufy, the change in Home Depot's position, coupled with its failure to adequately explain its delay and strategic procedural maneuvering, leads to an inference of forum shopping in this instance.

Although the inference of forum shopping counsels against application of the first-to-file rule, other factors counsel strongly in favor. First, transferring this action to the Eastern District of California will promote the underlying efficiency rationale of the first-to-file rule by conserving judicial resources and preventing duplicative litigation. As the Sixth Circuit recently explained, "[l]itigating a class action requires both the parties and the court to expend substantial resources" and "the most important purpose of the first-to-file rule is to conserve these resources by limiting duplicative cases." Baatz v. Columbia Gas Transmission, LLC, 814 F.3d 785, 791 (6th Cir. 2016). The potential efficiency gains are particularly heightened where, as here, the class actions involve overlapping claims and class periods. See, e.g., Hill v. Robert's Am. Gourmet Food, LLC, No. 13-CV-00696-YGR, 2013 WL 3476801, at *5 (N.D. Cal. July 10, 2013) (holding that "[s]ignificant judicial efficiency [would] be gained and conservation of resources achieved" by applying the first-to-file rule where two class actions involved overlapping claims and class periods and were at the same stage of litigation); Koehler v. Pepperidge Farm, Inc., No. 13-CV-02644-YGR, 2013 WL 4806895, at *6 (N.D. Cal. Sept. 9, 2013) (holding that transfer based on the first-to-file rule would result in "significant judicial efficiency" where two class actions involved overlapping claims, products, and class periods).

Second, failure to transfer in this instance could subject class members to inconsistent rulings. Baatz, 814 F.3d at 791. Henry and Bell now present the exact same legal issue: whether Home Depot's midnight clock-out policy deprived its employees of overtime wages in violation of California law. Transfer is therefore necessary to avoid the risk of inconsistent judicial decisions

7

that would arise from multiple litigations of identical claims.  See, e.g., Fossum v. Nw. Mut. Life Ins. Co., No. C 10-2657 SI, 2010 WL 11054415, at *2 (N.D. Cal. Sept. 16, 2010) (holding that transfer was appropriate based on the first-to-file rule to "avoid the possibility of inconsistent rulings" on a single legal issue that would affect the outcome in both class actions).  Given that some Bell class members could potentially be part of the Henry class, and vice versa, transfer is also necessary to ensure that individual class members do not receive conflicting information about their rights.

In sum, it is inefficient and impractical to have two overlapping class actions proceed individually in two separate courts.  Such a result would waste judicial resources, require duplicative efforts by both parties, and potentially frustrate class members' rights.  In light of the Bell court's recent decision denying transfer of that action to this Court, the only feasible solution is to grant Home Depot's motion to transfer this action to the Eastern District of California.  Sound judicial administration compels this result, even though Home Depot's delay and strategic maneuvering suggest that it is forum shopping.

Because the Court decides to grant Home Depot's motion to transfer venue for the foregoing reasons, it need not address the convenience factors raised by Henry.  In any event, "normally the forum non conveniens argument should be addressed to the court in the first-filed action."  Pacesetter, 678 F.2d at 96-97.  Here, the Bell court has already considered (and rejected) this argument.  This Court "is not required to duplicate this inquiry" and it the Bell court has already given these factors sufficient consideration.  Id.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Home Depot's Motion to Transfer.

IT IS SO ORDERED.

Dated:  August 31, 2016

_____
JON S. TIGAR
United States District Judge